STATE of Maine

v.

**Joseph THIBODEAU.**

Supreme Judicial Court of Maine.

Argued Jan. 16, 1987.
Decided Feb. 4, 1987.

John R. Atwood, Dist. Atty., James E. Diehl (orally), Asst. Dist. Atty., Rockland, for plaintiff.

Joseph Steinberger (orally), Rockland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

WATHEN, Justice.

Defendant, Joseph Thibodeau, appeals from an order of the Superior Court (Knox County) denying his motion to dismiss. Defendant was indicted for trafficking in prison contraband (marijuana) in violation of 17–A M.R.S.A. § 757 (1983). Following the denial of the motion to dismiss, defendant entered a conditional guilty plea pursuant to M.R.Crim.P. 11(a)(2) stating that he intended to seek review of the denial of the motion to dismiss. On appeal, defendant contends that 17–A M.R.S.A. § 757 is unconstitutionally vague. We conclude that the statute is constitutional and deny the appeal.

Defendant contends the statute is unconstitutional on its face because it fails to give adequate notice of prohibited conduct.

17–A M.R.S.A. § 757 states:

**Trafficking in prison contraband**

1. A person is guilty of trafficking in prison contraband if:

A. He intentionally conveys contraband to any person in official custody, or

B. Being a person in official custody, he intentionally makes, obtains or possesses contraband.

2. As used in this section, "official custody" has the same meaning as in section 755. As used in this section, "contraband" has the same meaning as in section 756.

3. Trafficking in prison contraband is a Class C crime.

The comment suggests that the statute is aimed "at preventing the furnishing of materials that can be used in escapes and disorders within penal institutions." 17–A M.R.S.A. § 756(2) defines contraband as a dangerous weapon, any tool or other thing that may be used to facilitate a violation of section 755, or any other thing which a person confined in official custody is prohibited by statute or regulation from making or possessing.

Specifically, defendant contends that the definition of contraband is too vague to withstand constitutional attack.

We have previously noted:

Legislation should not be held invalid on the ground of uncertainty, if susceptible of any reasonable construction that will support it. When the language of an act appears on its face to have a generalized meaning, and from the nature of the subject matter lends itself to precise or intelligible application in the circumstances under which the Legislature intended it to operate, the courts are obliged to sustain the same as constitutionally valid by giving it that reasonable construction which men of common intelligence would readily ascribe to the legislation.

*State v. Davenport,* 326 A.2d 1, 6 (Me. 1974). We find that the language of Section 757 is not vague on its face. There is an unambiguous reference to the portion of Section 756 that defines "contraband". The statute uses general language that "lends itself to precise or intelligible application in the circumstances under which the Legislature intended it to operate." *Id.* We conclude that 17–A M.R.S.A. § 757 is not void for vagueness and is therefore constitutional.

The entry is:

Judgment affirmed.

All concurring.